```
                    FILED
             CLERK, U.S. DISTRICT COURT

                  DEC 14 2007

             CENTRAL DISTRICT OF CALIFORNIA
             BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARK S. SOKOLSKY, | Case No. CV 07-6261 CBM (AN) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |
| v. | |
| NORM KRAMER, Executive Director, | |
| Respondent. | |

For the reasons set forth below, the pending Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241("§ 2241") is summarily dismissed.

**I. Background**

Petitioner Mark S. Sokolsky ("Petitioner") is a convicted felon with a history of sex crimes against minors. Shortly before he was scheduled to be released from prison for his most recent offenses, the State of California began seeking his civil commitment at a state mental health facility pursuant to California's Sexually Violent Predator Act, California Welfare & Institutions Code § 6600 *et seq.* ("SVPA"). (*People v. Sokolsky*, Case No. ZM003650, Los Angeles Super. Ct. (petition; filed Mar. 8, 2000); *see People v. Sokolsky*, Case No. B181948, Cal. App. Ct., 2d Dist., Div. 4 (2005 WL 3548338 at *1; Dec. 29, 2005).) Pursuant to the SVPA, the Superior Court for the County of Los Angeles held a probable cause hearing and found probable cause to believe that

1 Petitioner is likely to engage in predatory criminal sexual behavior if released. (Petition,
2 Exs. A-C, G thereto.)  The court then set a trial to determine whether Petitioner is a
3 Sexually Violent Predator ("SVP") within the meaning of the SVPA; the court further
4 ordered Petitioner to be housed in the Coalinga State Hospital located in Coalinga,
5 California, in Fresno County, California, until his civil commitment trial. (Petition, Ex.
6 G at 18:22-22:11.)
7    In his pending Petition, Petitioner claims the trial court denied him due process
8 by "fail[ing] to follow binding precedent in finding 'probable cause' to hold [him] for
9 [a] civil commitment trial," and that he "was denied the equal protection of the laws
10 when the State courts failed and refused to the denial of due process of law." (Petition,
11 ¶ 9.) He further requests this Court to intervene and "issue a stay of the State court
12 proceedings" and, after an evidentiary hearing, grant his Petition. (Petition, attached
13 memorandum of points and authorities at 16:13-16.)
14    The pending Petition is Petitioner's third attempt to have this Court intervene in
15 his pending SVPA proceedings; both of the prior petitions were dismissed pursuant to
16 the federal abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45, 91 S.Ct.
17 746, 751, 27 L.Ed.2d 669 (1971) ("*Younger*"). (*Mark S. Sokolosky v. Lee Baca*, Case
18 No. CV 02-3521 CBM (AN) (C.D. Cal. filed Feb. 26, 2002); *Mark S. Sokolsky v. Steve
19 Cooley, et al.*, Case No. CV 04-0930 CBM (AN), (C.D. Cal. filed Feb. 11, 2004).)

20                              **II. Discussion**
21    Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District
22 Courts ("Habeas Rules") authorizes district courts to apply the Habeas Rules to a §2241
23 petition. Rule 4 of the Habeas Rules expressly provides that a habeas petition shall be
24 summarily dismissed "if it plainly appears from the face of the petition . . . that the
25 petitioner is not entitled to relief in the district court." § 2241(c)(3) provides "[t]he writ
26 of habeas corpus shall not extend to a prisoner unless. . .he is custody in violation of the
27 Constitution or law or treaties of the United States."
28    Clearly established principles of federalism and comity require federal courts to

1  abstain from intervening in state proceedings -- absent extraordinary circumstances -- until all such proceedings are completed and Petitioner has exhausted available state judicial remedies. *Younger*, 401 U.S. at 43-45. Interference is appropriate only upon a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 53-54. *Younger* applies to the pending SVPA civil commitment proceedings against Petitioner because the proceedings are judicial in nature, involve important state interests and afford Petitioner an adequate opportunity to raise constitutional issues. *See id.*

Petitioner has failed to meet his burden of showing "extraordinary circumstances" such as the state's bad faith or harassment, or that the SVPA is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 53-54. Accordingly, the Court finds it would be inappropriate to interfere with the pending SVPA proceedings.

### III. Conclusion

Based upon the foregoing, the reference to the Magistrate Judge is vacated and the Petition is dismissed without prejudice to refiling after the SVPA commitment proceedings, including the trial and any appeal therefrom, are completed.

DATED: ~~November~~ Dec 7, 2007

CONSUELO B. MARSHALL
SENIOR JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge